UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-71-JBC

SHARON A. HARLEY,                                                                                          PLAINTIFF,

V.                        MEMORANDUM OPINION AND ORDER

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                 DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Sharon Harley, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this action to United States Magistrate Judge James B. Todd, who prepared a Proposed Findings of Fact and Recommendation to which the plaintiff has objected. When a party objects to the magistrate judge's report and recommendation, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(C). After reviewing the record and being otherwise sufficiently advised, the court will adopt the magistrate judge's report and recommendation, grant the Commissioner's motion for summary judgment, and deny the plaintiff's motion for summary judgment.

**Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the

correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

**The Plaintiff's Objections**

Ms. Harley objects to the magistrate judge's conclusions regarding her ability to ambulate and to the sufficiency of the hypothetical question posed to the vocational expert. For the following reasons the court finds her arguments unpersuasive.

*The plaintiff's ability to ambulate*

Ms. Harley claims that she is unable to ambulate due to her obesity, problems with her knees, and dizziness caused by her cardiovascular problems. However, according to Dr. Westerfield, whose report the ALJ credited, the claimant "walks with a normal gait," has a "full range of motion of her back," and has a full range of motion of her knees and peripheral joints. Similarly, the ALJ noted that for

two years after her knee surgery, the claimant worked as a clerk – a position requiring a significant amount of standing and walking. The claimant also admitted that her knee pain is well-controlled by medication, and the ALJ noted that she had not complained of dizziness for the fifteen months preceding her hearing. Although the claimant alleges that she is severely limited by her medical conditions, the ALJ found that these allegations were not credible. Because there is substantial evidence supporting the ALJ's decision concerning the claimant's ability to ambulate, the court will not disturb it.

*The hypothetical question*

The claimant argues that the ALJ's hypothetical question did not consider her medically-imposed limitations on kneeling, nor did it account for her alleged difficulties in standing and walking. She also objects because the ALJ did not consider how her other alleged medical impairments – particularly problems with her hands and her balance – would affect her ability to work.

A hypothetical question must "accurately portray [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). In asking the question, the ALJ need not list the claimant's medical conditions; the question need only describe the claimant's limitations. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). In this case, the hypothetical question required the vocational expert to consider a claimant with an RFC for work at the sedentary level with no exposure to

3

temperature extremes, humidity, or pulmonary irritants.

Sedentary jobs primarily involve sitting. However, occasional standing and walking – no more than two hours a day – may be necessary. 20 C.F.R. § 220.132; SSR 96-9p. Postural limitations such as kneeling are generally irrelevant when considering an RFC for sedentary work. SSR 96-9p. Therefore, the exclusion of the limitation on kneeling in the hypothetical question was not erroneous. Similarly, because the ALJ asked the vocational expert to consider a claimant with an RFC for work only at the sedentary level, he implicitly considered the claimant's limitations in standing and walking. The ALJ's hypothetical question did not mention any additional impairment because the ALJ did not find that the claimant suffered from any additional impairment. As noted in the previous section of this opinion and in the magistrate judge's report and recommendation, substantial evidence exists to support the ALJ's findings. Accordingly,

**IT IS ORDERED** that the report and recommendation of the magistrate judge (DE 11) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

Signed on November 29, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY